UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CHRIS E. HARKINS, | |
|---|---|
| Petitioner, | |
| v. | CAUSE NO. 3:20-CV-270-RLM-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Chris E. Harkins, a prisoner without a lawyer, filed a habeas corpus petition challenging a prison disciplinary hearing (MCF 10-08-0223) held on November 29, 2019, in which the disciplinary hearing officer found him guilty of possessing an electronic device in violation of Indiana Department of Correction offenses B-207. He was sanctioned with the loss of 30 days earned credit time, but the sanction was suspended until May 27, 2020. Mr. Harkins indicates that the suspension has not yet been imposed. Under Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

A prison disciplinary hearing can only be challenged in a habeas corpus proceeding where it results in the lengthening of the duration of confinement. Hadley v. Holmes, 341 F.3d 661, 664 (7th Cir. 2003). Because Mr. Harkins's suspended sanction hasn't been imposed, this disciplinary hearing didn't

lengthen Mr. Harkins's confinement. Habeas corpus relief isn't available for the potential loss of 30 days of Mr. Harkins's earned credit time.

To the extent Mr. Harkins argues that he's entitled to habeas relief because he was removed from his position as a library clerk, which led to the collateral loss of his ability to complete the remainder of the apprenticeship program he was enrolled in,[1] he is mistaken. Although Mr. Harkins asserts that successful completion of the apprenticeship program could have afforded him an additional 183 days of earned good credit time, being denied the opportunity to earn a time cut isn't the same as having his sentence extended. Mr. Harkins describes a collateral consequence that can't be remedied in a habeas corpus proceeding. *See* Cochran v. Buss, 381 F.3d 637, 641 (7th Cir. 2004) (holding that the loss of an inmate's job, housing assignment, reputation, and access to prison programs were insufficient collateral consequences to permit jurisdiction over a prison disciplinary habeas corpus petition that didn't result in the loss of earned credit time). "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." Washington v. Smith, 564 F.3d 1350, 1351 (7th Cir. 2009).

Because Mr. Harkins can't get any relief in this habeas corpus proceeding, the court denies the petition. If the suspended sanction of the loss of 30 days earned credit time is imposed in the future, Mr. Harkins can file another habeas corpus petition.

---

[1] According to Mr. Harkins, he had approximately 240 hours remaining in the program.

2

For these reasons, the court DENIES the petition pursuant to Section 2254 Habeas Corpus Rule 4, and the case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED on March 26, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT